**UNITED STATES DISTRICT COURT**
<u>**NORTHERN DISTRICT OF ILLINOIS**</u>

| | |
|---|---|
| ELIZABETH STOBBS,<br><br>    Plaintiff,<br><br> – against–<br><br><br>ESTATE INFORMATION SERVICES, LLC<br>dba EIS COLLECTIONS,<br><br>    Defendant(s). | Docket No.<br><br><br><br>**COMPLAINT** |

  Comes now PLAINTIFF, ELIZABETH STOBBS, by and through her attorney, Sachin Shah, for her Complaint against Defendant, ESTATE INFORMATION SERVICES, LLC DBA EIS COLLECTIONS, and states as follows:

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

<u>**PARTIES**</u>

2. Plaintiff, ELIZABETH STOBBS, is an adult residing in Chicago, IL.

3. Defendant ESTATE INFORMATION SERVICES, LLC dba EIS COLLECTIONS is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 3435 Stelzer Road, Suite 320, Columbus, OH 43219. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## FACTUAL ALLEGATIONS

6. Defendant ESTATE INFORMATION SERVICES, LLC dba EIS COLLECTIONS ("Defendant") attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Macy's.

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

8. Defendant sent Plaintiff a dunning letter dated January 15, 2014.

9. This letter states the following: "Unless, within thirty (30) after receipt of this notice you dispute the validity of the debt, or any portion thereof, we will assume the debt is valid.  <u>If you notify us within said 30 days that the debt or any portion thereof is disputed, we will obtain verification of the debt and we will mail such verification to you</u>."

10. This language does not contain the full statutory notice, required by the FDCPA, that the consumer's disputation of debt required to request verification of the debt must be made in *writing*.

11. The letter's language violates the FDCPA § 1692g(a)(4), as it implies that the consumer may request verification of the debt orally or by some other means, whereas the FDCPA mandates that the dispute of debt be made in writing in order to obtain debt verification.

12. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

14. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF
(Fair Debt Collection Practices Act)

15. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 14 herein.

16. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

17. Defendant violated provisions of the FDCPA, including, but not limited to, the following:

18. The letter's language violates the FDCPA § 1692g(a)(4), which mandates that a disputation of debt must be made in writing in order to obtain debt verification.

This letter failed to inform Plaintiff that in order to obtain verification of the debt, the dispute must be made in writing.

19. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000, attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment in the sum of $15,000 be entered against Defendant as follows:

1) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4) That the Court grant such other and further relief as may be just and proper.

Dated: January 30, 2014

Respectfully Submitted,

*/s/ Sachin Shah*
Sachin Shah, Esq.
Law Offices of Robert S. Gitmeid & Assoc., PLLC
11 Broadway, Suite 1677
New York, NY 10004
(866) 707-4595
Attorney for Plaintiff